

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT of TENNESSEE
## at CHATTANOOGA

UNITED STATES OF AMERICA )
)
v. )
)
MICHAEL RAY JONES SIMON JR. )

1:26-cr- 45

Judge McDonough
Magistrate Judge Dumitru

## INDICTMENT

### Count One

The Grand Jury charges that, on or about March 10, 2026, within the Eastern District of Tennessee and elsewhere, the defendant, MICHAEL RAY JONES SIMON JR., did unlawfully and knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce, including by computer, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

### Count Two

The Grand Jury further charges that, on or about April 28, 2026, within the Eastern District of Tennessee, the defendant, MICHAEL RAY JONES SIMON JR., did knowingly possess any film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), including material involving a prepubescent minor and a minor who had not attained twelve years of age, and such image had been shipped and transported in and affecting interstate

and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## Forfeiture Allegations

The allegations contained in this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, MICHAEL RAY JONES SIMON JR., shall forfeit to the United States of America the following:

    a.    Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses. The properties to be forfeited include, but are not limited to, the following:

        1.    a black Samsung cell phone in a black Otter Box case;

        2.    a desktop computer with clear housing covered in stickers;

3.  a black Lenovo laptop computer; and

4.  a black SanDisk Untra USB flash drive.

If any of the property described above, as a result of any act or omission of a defendant,

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred, sold to, or deposited with a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Jay Woods
Assistant United States Attorney